UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ANTONIO GARAVITO-GARCIA,

                     Petitioner,

against

THE UNITED STATES OF AMERICA,

                     Respondent.

CIVIL ACTION NO.: 17 Civ. 5798 (JSR) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

This Opinion and Order is issued in conjunction with a Report and Recommendation of the same date, which respectfully recommends that Petitioner Rafael Antonio Garavito-Garcia's Motion to Amend (ECF Nos. 11, 13, 14, 17 and 19), and Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) be denied. This Opinion and Order addresses the four requests in the outstanding Letter-Motions (ECF Nos. 18, 20, 21 and 22), and the requests for appointment of pro bono counsel and a hearing (ECF Nos. 17, 19), not covered in the Report and Recommendation. For the reasons set forth below, the Letter-Motions are **DENIED**.

## I.    BACKGROUND

On July 28, 2019, Garavito-Garcia filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Habeas Motion"). (ECF No. 1). The Government responded on October 9, 2017,[1] after which the Petitioner filed three letters addressed to The Honorable Henry B. Pitman (to whom the case was then referred (ECF No. 3)) on February 6,

---

[1] Defendant's response has not been docketed.

2018, February 22, 2018, and March 12, 2018. (ECF Nos. 11, 14 and 13, respectively).[2] In an order dated March 28, 2018, Magistrate Judge Pitman construed the three letters together as a motion to amend the Habeas Motion and directed the Government to respond. (ECF No. 15). The Government responded on April 30, 2018. (ECF No. 16).

Without further direction from the Court, six additional letters were submitted by, or on behalf of, Garavito-Garcia. On June 6, 2018, the Court received a letter from Garavito-Garcia's fellow inmate, Hugh Wade, stating that Garavito-Garcia did not receive a meaningful defense, requesting the appointment of counsel on Garavito-Garcia's behalf, and requesting a hearing on the Habeas Motion. (ECF No. 17). On July 16, 2018, Garavito-Garcia submitted a letter requesting the trial transcript, indictment, and court file in order to assist with the preparation of his defense. (ECF No. 18). On July 24, 2018, Garavito-Garcia submitted what he titled a "Motion to Amend," in which he attempted to raise new grounds to support the ineffective assistance of counsel claims and reiterated his requests for appointment of pro bono counsel and a hearing. (ECF No. 19). On August 7, 2018, Garavito-Garcia submitted a letter requesting again that he receive the trial transcripts at the Government's expense. (ECF No. 20). Then, on September 27, 2019, Garavito-Garcia wrote the Court requesting that the Court enter his jailhouse lawyer, Mr. Wade, as his designated representative. (ECF No. 21). On the same day, Mr. Wade wrote the Court requesting that he be allowed to continue representing Garavito-Garcia despite Wade's imminent release from prison, set for October 2019. (ECF No. 22). Both letters also reiterated the request for the transcript and a hearing. (Id.; ECF No. 21).

---

[2] ECF Nos. 14 and 13 are transposed in the docket. ECF No. 14 also appears to be a duplicate of ECF No. 11.

Having reviewed each of Garavito-Garcia's filings, the Court has interpreted the letters at ECF Nos. 11, 13 and 14 as the motion to amend and the letters at ECF Nos. 17 and 19 as supplements to the motion to amend (together, the "Motion to Amend"), and addressed both in the Report and Recommendation. This Opinion and Order addresses the letters at ECF Nos. 17 and 19 in relevant part, and the letters at ECF Nos. 18, 20, 21, and 22 in their entirety.

Because Garavito-Garcia is appearing pro se, his submissions are liberally construed and interpreted to raise the strongest arguments they suggest. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (stating that pro se papers "must be held to less stringent standards than formal pleadings drafted by lawyers"); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). The Court construes the Letter-Motions as requesting: (1) appointment of pro bono counsel; (2) a hearing on the Habeas Motion; (3) trial transcripts and other court documents without charge; and (4) leave to allow representation by a non-attorney.

## II. THE MOTIONS

### A. The Request for Appointment of Pro Bono Counsel

Garavito-Garcia requested that the Court appoint him pro bono counsel to assist with his Habeas Motion. (See ECF No. 17 at 3 ("I am requesting the court appoint Garavito a lawyer"); ECF No. 19 at 3 ("the petitioner requests the court to appoint counsel")). Because there is no constitutional right to representation in a habeas action, it is in the Court's discretion whether to appoint pro bono counsel. 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be

provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

In making this discretionary determination, the Court must consider the same factors applicable to requests for pro bono counsel made by other civil litigants. See, e.g., In re Pizzuti, No. 10 Civ. 0199(RJH)(HBP), 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). These factors include, inter alia, the likelihood of success on the merits, the complexity of the legal issues, and the movant's ability to investigate and present the case. Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989) (per curiam); Hodge v. Police Officers, 802 F.2d 58, 60–62 (2d Cir. 1986).

As the Second Circuit explained in Cooper, "[c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." 877 F.2d at 174.

Because the Court has found that all claims asserted by Garavito-Garcia in his Habeas Motion and Motion to Amend are either procedurally barred or lack merit and recommended that the District Court deny relief, no useful purpose would be served by appointing counsel. Accordingly, the motion for appointment of counsel is denied.

### B. The Request for a Hearing on the Habeas Motion

In the letters filed on June 6, 2018 and July 24, 2018, Garavito-Garcia requested a hearing on his habeas motion, but provided no information or argument as to why a hearing was necessary. (See ECF No. 17 at 3 ("I am requesting the court . . . consider giving [Garavito-Garcia] a hearing"); ECF No. 19 at 3 ("the petitioner requests the court . . . to hold a hearing in this

matter")). To warrant a hearing on a Section 2255 motion, a petitioner's "application must contain assertions of fact that [the] petitioner is in a position to establish by competent evidence." United States v. Aiello, 814 F.2d 109, 113 (2d Cir. 1987). "Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing." Id. at 113-14; see also LoCascio v. United States, 395 F.3d 51, 57 (2d Cir. 2005) ("mere generalities . . . will not normally entitle the applicant to a hearing") (internal citation omitted). The application for a hearing must set forth "detailed and controverted issues of fact which, if proved at a hearing, would entitle him to relief." Boakye v. United States, No. 09 Civ. 8217, 2010 WL 1645055, at *6 (S.D.N.Y. Apr. 22, 2010) (citations omitted). A testimonial hearing is generally unnecessary when the petitioner has not provided specific facts at issue. See, e.g., Fermin v. United States, 859 F. Supp. 2d 590, 602 (S.D.N.Y. 2012) (petitioner's "failure to provide specific facts . . . to support his claim suggests that a testimonial hearing would do nothing to reveal such facts").

In his Habeas Motion, Garavito-Garcia argued that: 1) his trial counsel was ineffective for failing to raise an entrapment defense and for failing to employ a "missing witness" instruction as part of that defense; (2) the jury instructions as to Count I (the narco-terrorism conspiracy) were improper; (3) the Government alleged, but did not prove, "importation" of cocaine (amounting to a constructive "variance" claim with respect to Count II); and (4) the Court improperly instructed the jury on the law of conspiracy. (ECF No. 1 at 4–8). Neither the petition nor the subsequently filed letters raise concrete issues of contested facts that would merit a hearing. Moreover, because the Court has been able to determine from the parties' written

submissions that Garavito-Garcia's Habeas Motion is without merit, there is no need for a hearing. The motion for a hearing is denied.

### C. The Request for Transcripts

Garavito-Garcia requested his trial transcripts and various court papers free-of-charge in order to assist with his Habeas Motion. (See, e.g., ECF No. 18 (requesting the "transcript, indictment and court file"); ECF No. 20 at 1 (requesting the trial transcript)). Because the Court has recommended that Garavito-Garcia's Motion to Amend and Habeas Motion both be denied, and that he is not entitled to a hearing on the Habeas Motion, the request for the transcript and other documents is denied as moot.

### D. The Requested Representation by a Fellow Inmate

In the letter dated September 27, 2019, Garavito-Garcia requested that the Court enter the appearance of his fellow inmate,[3] Hugh Wade, as his designated representative. (ECF No. 21 at 2). On the same day, Mr. Wade wrote the Court requesting that he be allowed to continue representing Garavito-Garcia despite Wade's imminent release from prison, set for October 2019. (ECF No. 22 at 1).

Assistance provided by a fellow inmate is not "legal representation." Davis v. New York, No. 07 Civ. 9265 (SHS), 2017 WL 5157458, at *2 (S.D.N.Y. Nov. 6, 2017). In addition, Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 1.3

---

[3] See Bourdon v. Loughren, 386 F.3d 88, 97, n. 12 (2d Cir. 2004) (noting that "jailhouse lawyers," who "have no formal legal training or qualifications" and are "also called 'inmate writ writers,' are prisoners who assist other prisoners on applications for the writ of habeas corpus and other legal matters").

provides that "[o]nly an attorney who has been so admitted or who is a member of the bar of this Court may enter appearances for parties."

Because Mr. Wade is not an attorney, he cannot serve as Garavito-Garcia's designated representative, nor can he be granted leave to continue his "representation" of Garavito-Garcia now that he has been released from prison. The motion for leave to allow Mr. Wade's appearance as Garavito-Garcia's representative is therefore denied.

### III. CONCLUSION

For the foregoing reasons, Letter-Motions requesting: (1) appointment of pro bono counsel; (2) a hearing on the Habeas motion; (3) trial transcripts and various court documents without charge; and (4) leave to allow representation by a non-attorney are **DENIED**.

The Clerk of Court is respectfully directed to close ECF No. 19 and to mail a copy of this Opinion and Order to the address below.


Dated: New York, New York
November 13, 2019

_____
SARAH L. CAVE
**United States Magistrate Judge**


Mail to: Rafael Antonio Garavito-Garcia
71263-054
Federal Medical Center
PMB 4000
Rochester, MN 55903